The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention for the court is now sitting. God save the United States and this Honorable Court. Please be seated. Capitol City Real Estate v. Lloyd's. Mr. Ferguson. Good morning. May it please the court. We're here on this case today focusing on the interpretation of an ISO form, Additional Insured Endorsement, and the form is the CG 2010 form. We maintain that the trial court erred when it limited coverage to my client under the Additional Insured Endorsement to only vicarious liability arising out of or caused by the named insured Marquez Brick. The CG 2010 Additional Endorsement is written quite differently than those where courts have interpreted the endorsement means only vicarious liability coverage. This particular endorsement extends coverage to the additional insured for liability caused in whole or in part by the named insured's acts or omissions during the performance of its work for the additional insured. In whole or in part is key language in this particular endorsement. Here, under the interpretation of the in whole or in part language, there can be sole negligence on the part of the additional insured. There can be sole negligence on the part of the subcontractor, the named insured under the policy, or there can be partial negligence. It could be that both the contractor What does the complaint put you on notice, put one on notice of? The complaint in this, in the underlying case, puts everyone on notice that the basis of the claim for damages is negligent excavation of the building and negligent performance of the work for the underpinning of the party wall. The facts are undisputed that the only party that conducted the operations to excavate the basement of this building and underpin or support the party wall was the subcontractor Marquez Brick Company. My client was the general contractor and the additional insured. I think it is unquestionable that the damages were caused by the acts and omissions of the named insured Marquez Brick. It is also possible that a trier of fact could find not only negligence on the part of Marquez Brick but also partial negligence on the part of perhaps the architect who drew the plans, some third party, or perhaps my client, the general contractor, for lack of supervision. But the key point under this particular endorsement that provides for coverage where the subcontractor acts or omission caused the problem in whole or in part, it spreads the risk. The complaint makes no mention whatsoever. Why not? I can't understand it. Please tell me why in the world were they not mentioning that complaint? There are a number of things about the underlying complaint that we have concern about. It certainly could have been better drawn than it was. Better drawn? It wasn't like they were like some cameo appearance in the movie. It was the main character. Marquez Brick is the main carrier and we submit that it is appropriate for the trial court and this court to look to the extrinsic evidence, the undisputed facts, the true facts show that Marquez Brick is the one that did the excavation. Marquez Brick is the one that caused the undermining of the party wall. Marquez Brick is the one. In my experience in cases like this that everybody gets named. The fact is there's more of a chance that somebody who had nothing whatsoever to do with the accident gets named. There's a greater chance of that than of somebody who did the accident not being named. But what does that do and you have to admit that the brick company is not named. What does that do to your argument? I don't think it changes my argument at all in terms of claiming coverage under this assertion that Marquez Brick is in fact put on notice and covered by this complaint. The fact they are not specifically named. We put them on notice by mailing them. Yeah but it has to be more than you putting them on notice. It has to be that the complaint puts them on notice. Isn't that right? No your honor, I don't believe so. Now think about that for a second. Okay. What if Marquez Brick from the complaint is clear they're not in it just because you put them on notice doesn't mean anything. You have to have an underlying issue on which that notice operates that gives some obligation. Isn't that correct? I think our notice can do that. No it can't. What if you and I were to agree, I don't think it can, what if you and I were to agree, absolutely agree, that the Marquez Brick had nothing to do with this case at all and yet somebody still notified them of it. Would that put them under any obligation to do anything whatsoever? They have to look to the underlying complaint don't they? Certainly they do but we under Maryland law are permitted to raise extrinsic evidence to demonstrate what the true facts are. This is very much like the Procon case that we cited in our... You misunderstood my question. I said they are not named in the puts Marquez Brick under notice that they are covered by the complaint, the underlying complaint. I think all they have to do is read the underlying complaint. Right I'm asking you what part of it does it. Okay they're not named but the underlying complaint is very specific in saying the damage occurred during the excavation of the basement. The damage occurred because of negligent excavation of the basement and negligent support of the party wall. So your argument is they are not named but it is not necessary for them to be named? That is precisely my point your honor because all they have to do is read the complaint and as they testified in their deposition Marquez Brick admitted that it was hired to do the underpinning. It was the only one doing the excavation and the underpinning and it knew that my client hired Marquez Bricks as an experienced excavation contractor to conduct the excavation and underpinning of the party wall. The fact that Marquez Brick then is on notice by reading the complaint, why then does that pull in Capital City? Well Capital City has been named by the plaintiff, we're in it. I'm talking about through the Marquez Brick policy. Because Capital City is an additional insured and named as an additional insured in the endorsement and it has provided coverage under that endorsement whenever damage is caused in whole or in part by the work of the named insured on the project identified. Now that's exactly what happened here. It is undisputed. We believe that the court should look at the true facts of the case and that we are not just limited by what the plaintiff has inelegantly. As we are trying to figure out how this is going to play out in the underlying lawsuit, you brought Marquez Brick into the underlying lawsuit by virtue of a third-party complaint, right? That's correct, your honor. All right, so if we hold that there's a duty to defend, does that mean that the Lloyds in this case and the underlying case is somehow going to be defending both Marquez Brick and Capital City? Yes, your honor. All right, but the interest of Capital City and Marquez Brick are in conflict. That is correct, your honor. So how does that be the same? It would not be the same counsel. I've been, I'm involved in many cases where the same insurer in a situation like this defends the contractor and the subcontractor and assigns separate counsel. So Lloyds would be would be appointing separate counsel? They should, yes, your honor. Yeah, they would be. They would be. They wouldn't violate any conflict laws. They would appoint separate counsel. They certainly should. We believe that because of the Aetna v. Cochran case, Aetna v. Cochran, pardon me, and many cases that follow that line of reasoning, Maryland law permits and indeed requires the court to look outside of the pleadings to the insured. Why do you keep saying true facts? Are you suggesting that there's another set of facts that we might wrongly consider? I don't know if that's a term of order or not. It's a term that's used in a couple cases I've read and what I'm referring to is let's look at the facts that are known. For example, in the BG&E versus... You're looking at what really happened. Exactly, exactly. I don't understand this alchemy of this case. Your client paid what, about $600,000? No, no, no. The plaintiff insurer, Standard Fire Insurance Company, in the underlying case, paid over $600,000 for repairs to this row home. And who drew up the complaint? Counsel for Standard Fire Insurance Company. And they didn't want to bring in Marquez Britton? Uh, no, they didn't. I suggested it. It would have... Did you suggest it to them as you're suggesting it to us? Yes, Your Honor. Except I have a better argument to make to you than I did with Counsel for Standard Fire Insurance Company because my client is an additional insured on the Lloyds policy and because of the language giving my client coverage where the damage is in part or in whole by Marquez Britton. Let me say, Judge Berger, I didn't mean to cut you off. I'm just trying to get that straight. Isn't there some advantage to having a fairly bright line rule that can... This is a threshold question. The parties still have to move forward in the underlying suit, so you want to get the duty to defend question resolved as promptly as possible and as cleanly as possible. And if you have a bright line rule as to whether a party is named in an underlying complaint, that promotes ascertainability. Whereas if we have to go and look at each complaint to see whether they that sort of generates the uncertainty in the kind of litigation we're facing here. It does, Your Honor. But that is why cases like Aetna v. Cochran allow a potential covered insured to point out to the court extrinsic evidence where there is a poorly drafted complaint that actually in this case, I think the consensus here that Marquez Britton should have been joined in it. I wish they had, but because of the poorly drafted complaint, Lloyd's has taken a position that my client is not covered. I think the trial court wrongly, narrowly construed this endorsement as covering only vicarious liability. Well, you think the problem comes from either one or two sources, but where isn't a bright line rule? That's either because the insurance language is not clear enough. They could say under the form, only if the primary insured, Marquez Britton, is named in the complaint. That's not what the form says. It's not what it says. Yeah, and the other thing is, you don't think there can just be a rule of the worst drafter in Maryland. If the worst drafter in Maryland doesn't know enough in the underlying complaint to add everybody and assert what he's supposed to assert over what you call the true facts, that's a heck of a way to run the ship, isn't it? Well, unfortunately, you do encounter lawyers that... But I didn't say... I'm sure you encounter them on occasion. We might encounter them, but the point is, it seems odd that the insurance coverage for these policies would be limited by the worst drafter rule. If the worst drafter didn't put the name in when everybody kind of thinks it should be in there, but that's just not the law in Maryland. Well, it's not the worst drafter rule, really. It's if there are facts that demonstrate the potentiality of coverage for the additional insured, then the court should find the duty to defend. And we think here, because it is undisputed that Marquez Brick is the one that did the very work alleged in the complaint to cause the damage, that those extrinsic facts are compelling. No, but I was saying that under a bright line rule, where you just look at who was joined, it would be the worst drafter rule. And perhaps, perhaps, I see your point. Opposing counsel suggests that your interest could be protected in a contribution action, that the standard lawsuit against capital doesn't necessarily get into Marquez's conduct. Maybe so, maybe not. But if you feel Marquez is fault, you've got a contribution action or you filed your third party complaint, and I would think maybe one of the elements of damages would be against Marquez might be recovery of attorney's fees. May I respond to that, Your Honor? I think you're right. We do have the right to pursue indemnity and contribution against Marquez Brick, but the outcome is costly because you have to try the case. We can't just settle it and have Marquez Brick's insurer involved. So, I mean, it's far, far more expensive to go that route, but yes, we do have that option. But under the current additional insured endorsement, we believe that we're entitled to coverage from the outside. Well, if things stand now, you'll be defended just not by counsel or chosen by lawyers. Maybe they'll hire me, but they should have separate counsel, yes. Yeah, I understand that, but anyway, give some rebuttal time. Thank you, Your Honor. Ms. Forstner, happy to hear your side of it. Good morning. May it please the court, Georgia Forstner on behalf of certain underwriters at Lloyd's. Before I begin with my discussion here, I'd like to address some of the points that were raised with respect to Mr. Ferguson. First of all, I disagree that the phrase whole or in part that that is critical to the determination of the issue that's presently before the court. The critical language is liability caused by the acts or omissions of Marquez Brick. The issue that needs to be decided here is whether Standard Fire is seeking to hold Capital City liable for some act or omission of Marquez Brick in causing property damage. And the complaint, as it is drafted, clearly does not do that. The only claim that is asserted in by Standard Fire is a claim against Capital City for Capital City's own negligence and negligence in doing what? Doing what? Well, that's the question, right? And the question and the Standard Fire is alleging that Capital City was negligent in preparing the plans and specifications. And what else? To my understanding, that's what it said. Excavate. That's right. No, that's the act excavated. It didn't just say drawing plans. It didn't say just drawing plans. Did it? No, no, it didn't. It said excavate in and lack of proper support. Okay, that's what it said. It was more than just drafting. That was the act. And you're telling me that Marquez Brick was not involved in excavating? No, I'm supporting. I'm not saying that at all. Or then was it not in whole or not in part then in that act? Not at all. All right, we agree. It's undisputed that Marquez Brick did the excavation work. Well, didn't the test potentiality of coverage or potentiality responsibility? That's right. Okay, and you, and I think you just said there's no doubt, you don't argue that Marquez Brick did the actual physical act of excavation. That's correct. And you don't deny, do you, that the complaint charges the defendants with failure to properly excavate? That's right. And so that seems to pick up Marquez Brick, doesn't it? No. Why wouldn't it? Because. Who else did excavation? Nobody. However, when we talk about playing out the underlying case, right? Mr. Ferguson said that a trier of fact could find that Marquez Brick was negligent in the underlying case. That's not true because there is no claim alleged against Marquez Brick. The claim of negligent excavation is against Capitol City. Capitol City in the underlying action is going to say, guess what, Standard Fire, we didn't do the excavation. You've sued the wrong party. So the jury, you know, they may get the answer back. Well, yes, you did because we have evidence that you directed specifically how, I don't know if that's going to be true or not, how Marquez Brick was to excavate. Okay, but therefore you were But then the liability arises from Capitol City's own negligence in not properly directing. It arises from both. How about negligent hiring? Yours is in hiring somebody who did work like that, directing them to do that. Your theory is that the general contractor can't possibly ever have responsibility for the negligence of somebody that works on the job site? That is a matter of fact and law? No, they certainly can, but it is always vicarious liability. Well, let's talk about that. Okay, let's talk about that. Yeah, because I tell you, it's not possible to assert. Well, I guess it's possible to assert. I'd like to see some law that says the general contractor can't ever be responsible in any way for people it hires to work on the construction site. So then why isn't Capitol City put on notice, as Judge Gregory points out, this contract, I mean this complaint when you look at it, it centers on excavation. It centers on excavation and why didn't Capitol City put on notice at least the potentiality of them having some responsibility for the excavation? Well, because it's for the same reasons that were discussed in the Baltimore Gas and Electric versus Commercial Union case. And in that case, you have a general contractor that was sued by plaintiffs that drove their car into a utility pit. Now again, it was undisputed that the independent contractor, Ferguson, dug that pit and the car drove into it. But the plaintiffs found out during that case that it was BG&E's in the pit. And so they then dismissed their claims against Ferguson. And the court said under those circumstances, Ferguson's negligent conduct was not at issue, that BG&E was being sued for its own negligence in failing to fill in the pit. And so therefore, there was no additional excuse me, there was no additional insured coverage provided under the policy. The same I mean, in essence here, aren't they really seeking the whole Capitol City vicariously liable? I mean, it would seem that, well, what else could it be liable? You say its own negligence, but if the words in whole or in part may be relevant, because it would at least potentially be Marquess Brick's work in part that was at fault here. And Capitol City is going to have to If you look just at the complaint, it said, well, you're going out Capitol City for its own negligence. But if you look at the fact that Marquess Brick was involved in excavation and are in essence trying to hold Capitol City responsible for deficiencies in that, so isn't it, aren't they seeking vicarious liability in fact, if not in name? No, because the way that the complaint is drafted, the court should never instruct the jury on a claim for vicarious liability because it's not stated in the complaint. There are no allegations that Capitol City is, that Standard Fire is Capitol City liable for the acts of its agents or an independent contractor. It says excavation, which its agent did. But again... Potentially so. It may turn out not to be the case, but potentially so. No, because Capitol City could never be liable for acts that it didn't do. And in this instance... Is the subcontractor effectively an agent of a general contractor? No, no. The law requires that you have to show a certain amount of control. Do we know that at this point? At the time the complaint was filed? We don't know if they were an independent contractor or an agent. It's potentiality that matters. Right. But again, it's not the only potential claim that the Standard Fire complaint alleges is a negligence claim against Capitol City for its own negligence. That is the only claim that is stated in that complaint. And even though the work performed by Marquez Brick is referenced... Stop for a second. Okay. What do you think... We go back to what Judge Greger asked you. What is the complaint against Capitol City? The complaint is for negligence. That you say the only claim of negligence is against Capitol City. And that is for what? That is for... What did they do negligently? According to the complaint, they negligently prepared the plans and specifications. And then they also said that they were negligent for the excavation and the underpinning of the work. What does it mean then the failure of the defendants to properly excavate and support the structure, blah, blah, blah, this is paragraph 7, constitutes negligence. What does that tell you they're accusing Capitol City of? The failure to properly excavate. They didn't say properly draw plans for it. It says the act of. You say that does not assert that Capitol City itself, we can decide whether it's by agent or otherwise, did that. That's what the claim is, isn't it? Yes. And so then why aren't you put on notice that you could be held responsible, at least potentially, for the act of excavating, which everybody knows was done by Marquez Brick? Why does that put you on notice of it? Put Marquez Brick on notice of it? Put underwriters? Put Capitol City on notice that they are being charged with the negligence. Now, it may or may not turn out to be proven, may or may not be accepted by the jury, but that puts Capitol City on notice that they are being sued, at least in part, for what the excavator on site did. Why doesn't that do that? Because the complaint, the way that it's drafted, there is no claim that will ultimately give rise for Capitol City to be liable for Marquez Brick's actions. How do we know that? How do we know that at the time of the filing of the complaint? Because it doesn't state a claim for vicarious liability. It states the claim that somebody on site for Capitol City, digging the hole, did something wrong, right? Yes. Well, how do we know at that point they cannot be held liable for the acts of their agent? Because there is no vicarious liability claim. So the case can never get to the jury. The we're going to hold Capitol City liable for that. Because there is no claim. Is Capitol City responsible for the acts of its agents under this complaint? Of its agents? Under this complaint? Yes. No, it's not asserted in the complaint. There's nothing. So who then is held responsible at Capitol City? Who's held responsible? Are the employees or agents of Capitol City responsible for negligence under this complaint? And if they're not, then who the heck is? Well, under the law, they're agents and employees. I didn't say as written in the complaint. I said under the complaint. That means the complaint and the law. Okay. So under this complaint, are the agents and employees of Capitol City potentially at risk for negligence? It would be imputed back to Capitol City. Right. They are. Are they then at risk? Well, Capitol City would be responsible. No, no, I didn't ask that. I said are the agents and employees of Capitol City at risk that their negligence could be imputed back to Capitol City and hold Capitol City responsible? I mean, it's not that the CEO of Capitol City has to do the act. Somebody else acting for Capitol City would be liable under this complaint, whatever it says, correct? Would be liable. I'm sorry, Your Honor. I guess I'm just not following your question. Capitol City would be, it seems to me, one of the most basic elements of a negligence claim. Who is responsible in a negligence claim against a corporation or a company? May that negligence not be shown by the acts of an employee of the corporation? Yes. May it be shown by the act of an agent? Yes. Then how do we know at the filing of the complaint that it's not the assertion that it's an agent of Capitol City that has done the negligent act? How do we know that? Well, because Capitol City has produced extrinsic evidence to show the court exactly what the claim is. Somebody, that somebody, Capitol City put on site did the negligent act. Even you admit that, don't you? Yes, but standard fire is not saying that it is complaining about the way in which the excavation was done. There is no evidence that shows that. That's the missing piece. Standard fire has been given. But paragraph 7 says the fate of defendants to properly excavate. What else? How much clearer could you be on what the complaint's about? You didn't. We are, and we know from the facts that the wall fell down, we know, we're saying you didn't dig the hole properly. The fate of the defendants to properly excavate constitutes negligence. How clear could it be? It could be clearer if they stated a vicarious liability claim, and that hasn't been stated. You mean using the words vicarious liability? That might make it clear to you that they're asserting it, but it doesn't mean they aren't asserting it, because it's not clearly stated for you. Your Honor, I see my time has expired. Can I respond? Quickly. I'll just conclude. Your Honor, for the reasons stated here and in our brief, we believe that this Court should affirm the District Court's ruling. Thank you. Thank you. Mr. Ferguson. Thank you. In this case, we're looking at the CG-2010 endorsement, and that is written differently than some of the other additional insured endorsements that you see referred to in the cases that both sides have briefed in this case. How do we get to vicarious liability under this complaint? Under D.C. law, the general contractor is responsible for loss and damage caused on its job site, and this work is undisputedly done by Marquez Brick, and Capital City has been sued for the work of Marquez Brick. I think when the case is tried, it's inescapable that Marquez Brick will be testifying about the work it did, and Marquez Brick presumably will defend its conduct, but Marquez Brick will be the one identified as doing the very work that is described in the plaintiff's complaint. And if Marquez Brick is found to be responsible, and Capital City may very well be held responsible for the conduct of— Under what theory? Under D.C. law, the general contractor can be held liable for loss and damage caused by— Under what theory under D.C. law? It would be vicarious liability or independent negligence of Capital City in its supervision of Marquez Brick. The wrongful conduct of Marquez Brick is one cause, but also the lack of supervision—assuming that is proved—by Capital City is a second cause, and that's where the in-whole or in-part language of this endorsement comes into play. Clearly, the complaint alleges more than vicarious liability. It also alleges direct liability. Yes, it does. The language of the policy doesn't seem to require it to be solely vicarious liability. That is why they have the language in whole or in part in that endorsement. And if you look at the subcontract at Joint Appendix 94 to 99, you'll see that there is an indemnity clause in there that says that Marquez must indemnify Capital City for liability result of or partially result of the subcontractor's breach. This endorsement is intended to provide the same level of protection because sometimes you have a subcontractor and its assets are nothing more than a pickup truck and a file cabinet. You want to have insurance to back up that indemnity agreement. And this indemnity agreement that calls for liability in whole or in part will cover situations where the subcontractor is negligent and causes it and the subcontractor could take the position that, well, you contributed to it, Capital City. The point is it really does reduce litigation to have an indemnity agreement like that, that says in whole or in part. And insurance coverage is an additional insured that says in whole or in part because it cuts off that argument from that negligent subcontractor saying, well, you did it too. It shortens the case. Your Honor. As Lloyd, the underwriter is supposed to know from future complaints, whether they are put on notice as to a duty to defend. If they can't look at a complaint and simply from the face of the complaint decide whether Capital City has been named or whether it hasn't been named, just put yourself in the shoes of the underwriters and what would you instruct the underwriters to do in order to know that they are under a duty to defend? Do the very same thing I've done in a number of cases. One, when the accident happens, my subcontractor reports that to Lloyd's, his insurer, and Lloyd's investigates. Yeah, but leave all that aside. The question is from the law, from the complaint, and what the state of the law is and you would have us to be, how would Lloyd's be instructed to know? How would they know? We provided them with that extrinsic evidence and a copy of the complaint. And if they read the complaint, it says the excavation was done wrong, the underpinning was done wrong, and the extrinsic evidence we provided told them that Marquez Brick did that work. And therefore, they should have extended a defense to my client. And we ask the court to reverse and remand to the district court to enter a declaratory judgment on behalf of my client. Thank you, Your Honor. Thank you. We will come down and re-counsel and move into our next case.
judges: J. Harvie Wilkinson III, Roger L. Gregory, Dennis W. Shedd